## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Mitchell R. Hadler,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Alltran Financial, L.P.,<br><br>　　　　Defendant. | Civ. No. 18-2852 (MJD/BRT)<br><br>**REPORT AND RECOMMENDATION** |

May C. Yang, Esq., Law Office of Mitchell R. Hadler, counsel for Plaintiff.

Adam C. Ballinger, Esq., and Jenna Kathryn Johnson, Esq., Ballard Spahr LLP, counsel for Defendant.

BECKY THORSON, United States Magistrate Judge.

## INTRODUCTION

Plaintiff Mitchell Hadler filed a case against Defendant Alltran Financial, L.P. ("Alltran") for damages based on alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). This matter is before the Court on Defendant Alltran Financial, L.P.'s ("Alltran") Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 19), for failure to state a claim. The motion has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and D. Minn. LR 72.1. (Doc. No. 23.) On January 18, 2019, this Court held a hearing on the matter in which counsel appeared on behalf of each party. (*See* Doc. No. 30.) For the reasons stated below, this Court recommends that Defendant's motion be granted in part and denied in part, and

Plaintiff be allowed to proceed with his FDCPA claims based on 15 U.S.C. § 1692d.

## BACKGROUND

Plaintiff alleges that Defendant Alltran is a "sophisticated debt collection agency" that uses an "instrumentality of interstate commerce or the mails" to collect "debts owed or asserted to be owed[.]" (Doc. No. 15, Am. Compl. ¶¶ 7, 12.) According to Plaintiff, on or around September 5, 2017, Alltran "directed that Plaintiff be contacted in order to collect a debt," and "every time calling Mitchell R. Hadler at 651.222.4260 to collect a consumer debt." (*Id.* ¶ 13; *see also* Doc. No. 15-1, Plaintiff's complaint letters attached to the Am. Compl.) Plaintiff alleges upon information and belief that "the name of Whelma Avila was mentioned." (*Id.*) Plaintiff does not allege how many calls were made but alleges that "Plaintiff will establish the exact number of telephone calls which is to be determined after discovery in this case[.]" (*Id.* ¶ 13.01) Plaintiff does allege, however, that "each time the voice answering machine at the telephone called by Defendant announced that the phone belonged to Mitchell Hadler and not Whelma Avila." (*Id.*)

Plaintiff alleges that he "has no connection with Defendant at any time whatsoever, other than having been contacted by Defendant by telephone in Defendant's attempts to collect an alleged debt[.]" (Doc. No. 15, Am. Compl. ¶ 10.) Plaintiff also alleges that "the sole purpose of Defendant's contacts with Plaintiff was to collect an alleged debt," (*id.*; *see also id.* ¶ 13.01), and that "Defendant's repeated calling was intended to, and had the effect of harassing Plaintiff." (*Id.* ¶ 13.01.)

According to Plaintiff, at some point, he requested that Defendant tell him how his phone number was connected to a person named Whelma Avila, and Defendant "refused to disclose exactly how and why Defendant obtained Plaintiff's telephone number." (*Id.* ¶ 13.02.) Plaintiff claims he "learned that the calling Defendant was a collection agency," which led him to "believe that perhaps his identity had been stolen," adding "stress and concern that substantial money was wrongfully obtained in Plaintiff's name by using false information about Plaintiff." (*Id.* ¶ 13.03.) Plaintiff therefore sent Defendant complaints on September 11 and September 25, 2017, "seeking information about exactly how the Defendant obtained Plaintiff's name," to which Defendant did not respond.[1] (*Id.* ¶¶ 13.04, 13.07.)

Plaintiff filed his Complaint against Defendant relating to these phone calls on October 4, 2018. (Doc. No. 1.) Plaintiff thereafter filed an Amended Complaint on November 1, 2018, which is the operative complaint in this matter. (Doc. No. 15, Am. Compl.) In his Amended Complaint, he brought five claims against Defendant for violations of the FDCPA: (1) claim one for engaging in harassing and abusive conduct in violation of 15 U.S.C. § 1692d; (2) claim two for placing calls with intent to annoy, abuse, and harass in violation of 15 U.S.C. § 1692d(5); (3) claim three for failure to advise Plaintiff of the debt by written notice in violation of 15 U.S.C. § 1692g; (4) claim

---

[1] Plaintiff attaches these two complaint letters as exhibits to his Amended Complaint. (*See* Doc. No. 15-1.)

four for failure to provide meaningful disclosure of the caller's identity in violation of 15 U.S.C. § 1692d(6); and (5) claim five for failure to disclose that the call was from a debt collector in violation of 15 U.S.C. § 1692e(11). (*See generally* Doc. No. 15, Am. Compl.)

## DISCUSSION

### A. Standard of Review

To survive a motion to dismiss for failure to state a claim, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly*, 500 U.S. 544, 570 (2007). This standard does not require the inclusion of "detailed factual allegations" in a pleading, but the complaint must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 556. In applying this standard, the Court must assume the facts in the complaint to be true and must construe all reasonable inferences from those facts in the light most favorable to the plaintiff. *Gomez v. Wells Fargo Bank, N.A.*, 676 F.3d 655, 660 (8th Cir. 2012). But the Court need not give effect to those allegations that simply assert legal conclusions. *McAdams v. McCord*, 584 F.3d 1111, 1113 (8th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

**B. FDCPA claims**

The Fair Debt Collection Practices Act generally prohibits "debt collectors" from engaging in abusive, deceptive, or unfair debt-collection practices. 15 U.S.C. § 1692 *et seq.* To state a claim under the FDCPA, a plaintiff must allege facts sufficient to establish that (1) Defendant qualifies as a debt collector as defined by the Act; (2) the actions complained of were taken in connection with the collection of any debt; and (3) Defendant's actions violated one or more substantive provisions of the FDCPA. *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010). Defendant moves to dismiss claims three and five arguing that Plaintiff has not alleged facts sufficient to show he is a consumer and thus entitled to bring an action under sections 1692g and 1692e(11) of the FDCPA. Defendant also moves to dismiss Plaintiff's claims based on sections 1692d, 1692d(5), and 1692d(6) (claims one, two, and four) (otherwise referred to as the "1692d claims"), arguing that Plaintiff has not alleged facts sufficient to show an intent to harass, oppress, or abuse Plaintiff with its calls. This Court addresses each group in turn.[2]

---

[2] In response to Defendant's motion to dismiss, Plaintiff asserts that Defendant violated the Local Rules by not holding a meet and confer prior to the filing of its motion. While this Court's preference would be for the defendant to try to meet and confer prior to filing a motion to dismiss, this Court acknowledges that under the circumstances of this case where the parties had recently met and conferred on the same issues, the delay does not warrant denial of Defendant's motion outright.

### (i)  Plaintiff's Consumer Status - §§ 1692g and 1692e(11)

In claims three and five of Plaintiff's Amended Complaint, Plaintiff asserts that Defendant violated 15 U.S.C. §§ 1692g and 1692e(11), respectively. Section 1692g states that "[w]ithin five days after the initial communication with a consumer . . . a debt collector shall . . . send the *consumer* a written notice . . ." 15 U.S.C. § 1692g (emphasis added). Section 1692e(11) states that it is a violation for "[t]he failure to disclose in the initial written communication with the *consumer* and . . . if the initial communication with the *consumer* is oral, in that initial oral communication, that the debt collector is attempting to collect a debt . . ." 15 U.S.C. § 1692e(11) (emphasis added). Section 1692a(3) defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). Plaintiff alleges that he is a "consumer" as defined by the FDCPA (15 U.S.C. § 1692a(3)). (Am. Compl. ¶ 9.) Defendant argues that Plaintiff is not a consumer under the statute, and in particular, Defendant asserts that Plaintiff's allegations preclude a finding that he is a consumer because the allegations assert that Plaintiff mistakenly received calls in Defendant's pursuit of someone else's debt. Defendant argues that simply alleging mistaken calls do not transform the person receiving the calls into a "natural person obligated or allegedly obligated to pay any debt" (i.e., a consumer). 15 U.S.C. § 1692a(3). This Court agrees.

Plaintiff's reliance on *Dunham v. Portfolio Recovery Assocs., LLC*, 663 F.3d 997 (8th Cir. 2011), is misplaced. In *Dunham*, the defendant contacted a man named James

6

Dunham to collect a debt allegedly owed by a James Dunham. *Id.* at 999, 1002. The Eighth Circuit found that the plain language of § 1692a(3)—providing for the definition of consumer—encompassed the plaintiff James Dunham because he (albeit the wrong James Dunham) was allegedly obligated to pay the debt. *Id.* at 1001–02. In other words, the debt collector had mistakenly asserted that the James Dunham that was mistakenly called was the person who owed the specific debt. In fact, the defendant in *Dunham* even sent the plaintiff a letter demanding that *he* pay the debt. *Id.* at 1002.

  Here, the allegations make clear that Defendant called Plaintiff's number looking for Whelma Avila, and Defendant was made aware that the number was affiliated with Mitchell Hadler through his voice answering machine – a person whom Defendant never believed owed the subject debt. The message on Plaintiff's machine announced that the phone belonged to Mitchell Hadler, not Whelma Avila. (Am. Compl. ¶ 13.01.) Although the Amended Complaint contains general allegations that the purpose for the call was to collect a debt, there are no allegations stating that Mitchell Hadler was ever asked to pay the debt. The allegations simply do not support an inference that Defendant asserted at any time that Mitchell Hadler was obligated to pay any debt. Instead, the allegations support an inference that a Whelma Avila was obligated to pay a debt and that the caller was trying to reach Whelma Avila. Therefore, this is not a case of mistaken identity and

the mistaken identity line of cases similar to *Dunham* do not apply.[3] Instead, at most, the allegations support a mistaken contact case. This Court is unaware of any cases where individuals were able to proceed with claims under the consumer-only provisions of the FDCPA when their claim arose out of "mistaken contact" by a debt collector looking for someone else. *See Hayes v. Receivables Performance, Mgmt., LLC*, No. 17-cv-1239, 2018 WL 4616309, at *4 (N.D. Ill. Sept. 26, 2018) (stating same); *see also Wright v. Enhanced Recovery Co., LLC*, 227 F. Supp. 3d 1207, 1209, 1213–14 (D. Kan. 2016) (suggesting plaintiff who received numerous telephone calls by mistake to collect a debt owed by someone else could only proceed under § 1692d of the FDCPA, which protects non-consumers).[4]

Accordingly, this Court concludes that Plaintiff has not sufficiently alleged facts in the Amended Complaint to show that he qualifies as a consumer under § 1692a(3) of the FDCPA, and therefore he does not have standing to assert the alleged consumer-based claims (i.e., those asserted under sections 1692g and 1692e(11)) and those claims should be dismissed.

---

[3] Further, Plaintiff's reliance on FDCPA cases asserting claims based on sections of the Act that do not have a "consumer" requirement are not applicable to the consumer standing analysis. (*See* Doc. No. 26, Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss 10.)

[4] This Court notes that Plaintiff has not asserted third-party protection claims under § 1692c(b) or § 1692b. *See Thomas v. Consumer Adjustment Co.*, 579 F. Supp. 2d 1290, 1298–99 (E.D. Mo. 2018) (holding debtor's girlfriend who received call and suffered an actual injury could state a claim under both § 1692c(b) and § 1692b given both prohibit certain behavior toward third parties).

### (ii) Sufficient Conduct Alleged - §§ 1692d, 1692d(5), and 1692d(6)

In claims one, two, and four of the Amended Complaint, Plaintiff alleges that Defendant's telephone calls constituted harassing, oppressive, or abusive conduct prohibited by 15 U.S.C. §§ 1692d, 1692d(5), and 1692d(6). Section 1692d states, "A debt collector may not engage in any conduct that the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Section 1692d(5) specifically prohibits a debt collector from "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5). Section 1692d(6) specifically prohibits (except as provide in section 1692b of the title) "the placement of telephone calls without meaningful disclosure of the caller's identity." 15 U.S.C. § 1692d(6).

Section 1692d provides protection for "any person mistreated by a debt collector," not just consumers. *Todd v. Collecto, Inc.*, 731 F.3d 734, 737 (7th Cir. 2013). Therefore, Plaintiff, as a non-consumer, has standing to assert a § 1692d claim if he was wronged under that statute. Defendant, however, argues that Plaintiff has not sufficiently pled facts to establish that the volume of calls or conduct during the calls would show the intent required to bring a claim. Although it is a close call, this Court concludes the facts alleged are sufficient to withstand a motion to dismiss.

"[W]here a plaintiff has shown that he asked the collection agency to stop calling or has informed the collection agency that it has the wrong number, and the collection agency nevertheless continued to call the plaintiff, courts have found intent." *Hendricks v. CBE Group, Inc.*, 891 F. Supp. 2d 892, 896 (N.D. Ill. 2012) (collecting cases). Here, Plaintiff alleges facts—although somewhat slim—that allow this Court to infer an intent to harass. Contrary to Defendant's assertion, Plaintiff has alleged that more than one call was made to his phone number by referencing "calls" or "contacts" in the plural form and using phrases like "every time" and "each time," which indicates there was more than one time that a call was made. (Am. Compl. ¶ 13.01.) And Plaintiff alleges that "each time the voice answering machine at the telephone called by Defendant announced that the phone belonged to Mitchell Hadler and not Whelma Avila." (*Id.*) This allegation indicates that Defendant was aware that they did not have the correct contact number for Whelma Avila, but they continued to call Plaintiff's number again anyway. Plaintiff also alleges that Defendant "fail[ed] to identify the Defendant by its actual name or advised that the caller was a representative of Defendant or making a call on behalf of the Defendant." (*Id.* ¶ 29.) And Plaintiff alleges that he sent two separate complaints to Defendant. (*Id.* ¶ 13.04.) An inference of an intent to harass is allowable at this early stage of the case, when we do not yet know how many times Plaintiff was called, what specifically was said on those calls, and whether calls continued after Plaintiff sent complaints to Defendant about the calls. *See Morrow v. Weinerman & Assoc., LLC*, No. 11-104 (RHK/LIB), 2011

WL 4472651, at *5 (D. Minn. Sept. 26, 2011) (denying summary judgment and stating that "[c]ourts have deemed it a question of fact whether a given number of phone calls and the pattern of those calls (i.e., frequency, time of day, etc.) violates § 1692d"); *see also Wright v. Enhanced Recovery Company*, 227 F. Supp. 3d 1207, 1214–15 (D. Kan. 2016) (denying motion for summary judgment where the parties agreed that the defendant had only been called 21 times but disagreed at what point and how many times the plaintiff had asked for the calls to stop); *Williams v. Alliance One Receivables, Mgmt. Inc.*, No. 10-0070-CV-W-ODS, 2010 WL 11619044, at * (W.D. Mo. May 27, 2010) (finding allegations of multiple calls causing plaintiff's telephone to ring continually in attempting to collect a debt was sufficient to withstand a motion to dismiss a § 1692d(5) claim). "Although courts routinely do (and should) structure the confines of § 1692d by disposing of claims as a matter of law where the facts show no conduct having the natural consequence of harassing or abusing a debtor," *Morrow*, 2011 WL 4472651, at *5 (quotations omitted), here the facts have not been fully developed. Because not all facts must be determined and disclosed in pleading a complaint for claims of this type, this Court concludes that Plaintiff has alleged enough facts to show a plausible violation of the FDCPA with regard to the alleged § 1692d violations, and Defendant's motion to dismiss claims one, two, and four of Plaintiff's Amended Complaint should be denied.[5]

---

5     Nothing in this Report and Recommendation, however, presumes that Plaintiff's alleged § 1692d claims would survive a motion for summary judgment supported by the
(Footnote Continued on Next Page)

## RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Alltran Financial, L.P.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 19) be **GRANTED IN PART** and **DENIED IN PART**. Claims three and five of Plaintiff's Amended Complaint should be dismissed, and claims one, two, and four should remain.

Date: March 5, 2019

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

---

(Footnote Continued from Previous Page)

additional facts underlying this case. If it is determined that Defendant did not engage in persistent and continuing demands of payment accompanied by harsh threats, or that Defendant was not abusive and insulting in its communication, then Defendant will have good cause to bring such a motion. *See Fox v. ProCollect, Inc.*, No. 4:17CV00634 JLH, 2019 WL 386159, at *2–7 (E.D. Ark. Jan. 30, 2019) (citing cases and granting summary judgment finding that no jury could conclude that defendant's conduct—placing two calls to plaintiff's number, several weeks apart, after being told twice that it was a wrong number—gives rise to an intent to annoy, harass, or oppress); (*Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 394 (D. Del. 1991) (citing cases and granting summary judgment on liability under 15 U.S.C. § 1692d because plaintiffs had alleged no conduct on the part of defendants that would naturally tend to harass, oppress or abuse).

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within fourteen (14) days after being served a copy" of the Report and Recommendation. A party may respond to those objections within fourteen (14) days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.